**Dated: March 1, 2017**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____


# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN OF OKLAHOMA

| | |
|---|---|
| IN RE: <br><br> S. AND S. COMMUNICATION SPECIALISTS, INC., <br><br> Debtor. | Case No. 16-80762-TRC <br><br> Chapter 7 |
| MID-CONTINENT CASUALTY COMPANY, <br><br> Plaintiff <br> v. <br><br> FAITH M. GARRETT, AS ADMINISTRATRIX OF THE ESTATE OF MICHAEL GARRETT, <br><br> AUTUMN KIRKPATRICK ET. AL., <br><br> Defendants. | Adv. Proc. No. 16-08025-TRC |

### ORDER DENYING MOTION TO DISMISS
### FOR LACK OF JURISDICTION

Several defendants seek an order from this Court dismissing this adversary proceeding

for lack of both subject matter and personal jurisdiction. Plaintiff filed a complaint for interpleader relief requesting that the Court grant it the right to interplead parties and pay into the registry of the Court proceeds from a liability insurance policy wherein the Debtor is the primary named insured. After a hearing in this matter, the Court finds that it has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b), and personal jurisdiction over each of the moving parties.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and (e)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The "'jurisdiction to determine jurisdiction' is an essential power, subject to review of any court, particularly the federal courts of limited jurisdiction." *Okla. ex rel. Okla. Tax Comm'n v. Graham*, 822 F.2d 951, 955 (10th Cir. 1987) (*citing Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940))*, vacated on other grounds, sub nom. Okla. Tax Comm'n v. Graham*, 484 U.S. 973 (1987).

**Findings of Fact**[1]

The Court makes the following findings of fact:

1. On July 20, 2016, S. and S. Communication Specialists, Inc. ("Debtor") filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code. The Debtor is a domestic corporation organized and existing under the laws of the State of Oklahoma.

2. Gerald Miller ("Trustee") has been appointed Chapter 7 trustee of the Debtor's bankruptcy estate, and is a citizen of the State of Oklahoma.

3. Mid-Continent Casualty Company ("Mid-Continent" or "Plaintiff") is an Ohio corporation with its principal place of business in Tulsa, Oklahoma.

---

[1] To the extent that a Finding of Fact may constitute a Conclusion of Law, it is adopted as such.

4. Defendant Autumn Kirkpatrick, as Administratrix of the Estate of Kyle Kirkpatrick, is an individual and a citizen of the State of Oklahoma. *See* Answer to Complaint, Docket No. 27.

5. Defendant J. Ron Wright, as Administrator of the Estate of Terry Lee Richard, is an individual and a citizen of the State of Oklahoma. *Id.*

6. Defendant Jerry Hill is an individual and a citizen of the State of Oklahoma. *Id.*

7. Defendant Randall McElhaney is a citizen of the State of Texas. *Id.*

8. Defendants KCHM, Inc., f/k/a FDH Engineering, Inc. and KCHM and Associates, f/k/a FDH Engineering, Inc. (collectively, "KCHM"), are each corporations organized and existing under the laws of the State of North Carolina.[2]

9. Defendant Velocitel, Inc. d/b/a FDH Velocitel is a corporation organized and existing under the laws of the State of Delaware.[3]

10. Defendants SBA Communications Corp., SBA Telecommunications, LLC, SBA Towers, LLC, SBA Towers, Inc., SBA Infrastructure, LLC, and SBA Network Services, LLC (collectively, "SBA") are citizens of the State of Florida.[4]

11. On or about February 1, 2014, two cell phone towers in Harrison County, West Virginia collapsed (the "Incident"). The Debtor was performing work on the towers that consisted of replacing guy wires and support braces when the Incident occurred.

---

[2] This fact was pled by Plaintiff in the Complaint; KCHM has presented no evidence or argument that this fact is in dispute. "The 'well pled facts' of the complaint must be accepted as true if uncontroverted by the defendant's affidavits. . ." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). The Court finds that the well pled facts in the Complaint regarding citizenship of KCHM are sufficient to make a prima facie showing regarding personal jurisdiction. The fact that the Court held an evidentiary hearing does not change the burden borne by Plaintiff for factual issues never raised by Defendants.

[3] This fact was pled by Plaintiff in the Complaint; Velocitel, Inc. has presented no evidence or argument that this fact is in dispute. *See supra* note 2. The Court finds that the well pled facts in the Complaint regarding citizenship of Velocitel, Inc. are sufficient to make a prima facie showing regarding personal jurisdiction.

[4] This fact was pled by Plaintiff in the Complaint; SBA has presented no evidence or argument that this fact is in dispute. *See supra* note 2. The Court finds that the well pled facts in the Complaint regarding citizenship of SBA are sufficient to make a prima facie showing regarding personal jurisdiction.

12. The Incident resulted in the deaths of Michael Garrett, Kyle Kirkpatrick, and Terry Lee Richard. Messrs. Kirkpatrick and Richard were employees of the Debtor when the Incident occurred. Mr. Garrett was a volunteer fireman who had responded to the Incident and died as a result.

13. The Incident also resulted in bodily injury to Brandon Hudkins, who was a voluntary fireman, and to Jerry Hill and Randall McElhaney, who were each employees of the Debtor.

14. KCHM, SBA, and Velocitel, Inc. as well as Debtor are defendants named in seven lawsuits that have been pending in West Virginia since 2015. The lawsuits all stem from the Incident. They include the following known civil actions:

    a. Faith M. Garrett, as Administratrix of the Estate of Michael D. Garrett v. S. and S. Communication Specialists, Inc., et al. – In the Circuit Court of Harrison County, West Virginia – Civil Action 15-C-218-3;

    b. Randall McElhaney v. SBA Communications, et al., U.S.D.C. Northern District of West Virginia, Civil Action No. 1:15-CV-204;

    c. J. Ron Wright, in his capacity as Administrator of the Estate of Terry Lee Richard, Jr. v. SBA Communications Corp., et al. – U.S.D.C., Northern District of West Virginia – Civil Action No. 1:15-CV-205;

    d. Jerry Hill v. SBA Communications Corp., et al. – U.S.D.C., Northern District of West Virginia – Civil Action No. 1:15-CV-206;

    e. Autumn Kirkpatrick, in her capacity as Administratrix of the Estate of Kyle Kirkpatrick v. SBA Communications Corp. et al. – U.S.D.C., Northern District of West Virginia – Civil Action No. 1:15-CVV-207;

    f. SBA Telecommunications, LLC et al. v. S. and S. Communication Specialists, Inc. et al. – U.S.D.C. Northern District of West Virginia – Civil Action No. 1:15-CV-228; and

    g. True Knowledge Ministries International, Inc (TKMI) v. SBA Communication Corp., et al. – U.S.D.C., Northern District of West Virginia – Civil Action No. 1:15-CV-24.

15. Mid-Continent is an insurer for the Debtor. Mid-Continent issued a general liability policy to the Debtor, Policy No. 04-GL-00888642 (the "Mid-Continent Policy"), wherein Debtor is the primary named insured, that was in force on February 1, 2014, when the Incident occurred.

16. The damages stemming from the Incident from known claimants exceed the liability limit of the Mid-Continent Policy.

17. Navigators Insurance Company ("Navigators") issued an excess insurance policy to the Debtor, Policy No. HO13EXC7IV (the "Navigators Policy") that was in force on February 1, 2014, when the Incident occurred.

18. Mid-Continent filed the Complaint for Interpleader Relief (the "Interpleader Action") requesting that the Court grant Mid-Continent the right to interplead parties and pay into the registry of the Court proceeds of the Mid-Continent Policy in the amount of $1,000,000.00 (the "Mid-Continent Proceeds").

19. Defendants KCHM, SBA, and Velocitel, Inc. filed the Motion to Dismiss for Lack of Jurisdiction (the "Motion"), *at Docket No. 18*, which was later joined by Defendants Autumn Kirkpatrick, Personal Representative of the Estate of Kyle Kirkpatrick, J. Ron Wright, Personal Representative of the Estate of Terry Lee Richard, Jr., Jerry Hill, and Randall McElhaney, *at Docket No. 28* (collectively the "Movants"). The Motion challenges both the subject matter and personal jurisdiction of the Court over this matter pursuant to Fed. R. Civ. P. 12(b)(1) and (2), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b).[5]

**Conclusions of Law**

*I. Subject matter jurisdiction*

Bankruptcy courts are courts of limited jurisdiction. They only have jurisdiction and powers expressly granted by Congress. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995); *In re Gardner*, 913 F.2d 1515, 1517 (10th Cir. 1990). "It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). The scope of federal bankruptcy jurisdiction is set out in 28 U.S.C. § 1334. That section provides, in relevant part:

(a) Except as provided in subsection (b) of this section, the district courts shall

---

[5] In addition, the Court has reviewed a Response filed by Plaintiff, *at Docket No. 22*, and a Reply filed by KCHM, SBA, and Velocitel, Inc., *at Docket No. 25*.

> have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a–b). Thus, federal jurisdiction may be founded on four types of matters: 1) cases under title 11; 2) civil proceedings arising under title 11; 3) civil proceedings arising in cases under title 11; and 4) civil proceedings related to cases under title 11. *See Stern v. Marshall*, 564 U.S. 462, 476 (2011); *In re Schempp Real Estate, LLC*, 303 B.R. 866, 873 (Bankr. D. Colo. 2003); *Landry v. Exxon Pipeline Co.*, 260 B.R. 769 (Bankr. M.D. La. 2001). In addition, 28 U.S.C. § 157(a) provides that

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). The United States District Court for the Eastern District of Oklahoma has accordingly referred all such cases and proceedings to this Court.[6] Although "[t]he manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved," all such proceedings remain within the bankruptcy jurisdiction of the federal courts. *Stern*, 564 U.S. at 473–74.

Bankruptcy courts have jurisdiction over core proceedings, and may have jurisdiction over non-core proceedings if the case is one related to title 11 proceedings. Core proceedings

---

[6] *See* E.D. Okla. LcvR 84.1(a)(1):
Pursuant to 28 U.S.C. § 157(a), all cases under Title 11 of the United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be and hereby are referred to the bankruptcy judges for this district.

are those matters that have no existence outside of bankruptcy. 28 U.S.C. § 157(b)(1); *In re Gardner*, 913 F.2d at 1518. Actions that do not depend on the bankruptcy laws for their existence and that could proceed in another court are not core proceedings. *Id.* Bankruptcy courts have jurisdiction over a non-core proceeding if it is otherwise "related to" a case under title 11. "A proceeding is "related to" a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997) (*quoting In re Gardner*, 913 F.2d at 1518). The Supreme Court of the United States has noted that

> Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate, and that the "related to" language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate.

*Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (*citing with approval Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d. Cir. 1984)) (internal citations omitted). "Proceedings 'related to' the bankruptcy include . . . (2) suits between third parties which have an effect on the bankruptcy estate." *Id.* at 308 n.5.

The burden of establishing authority for the exercise of subject matter jurisdiction is on the party asserting such jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The parties focus their arguments almost exclusively on whether the Mid-Continent Proceeds are property of the Debtor's estate. The determination of whether those proceeds are property of Debtor's estate is certainly a core proceeding over which this Court has jurisdiction. *In re Gardner*, 913 F.2d at 1518. But such a determination is not dispositive to resolution of this

7

matter.[7]

Because the references in 28 U.S.C. § 1334 to "under," "arising under," "arising in," and "related to" operate disjunctively to define the scope of federal court jurisdiction, only one premise need be present for jurisdiction to attach. *See In re Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 778 (Bankr. M.D. La. 2001). The phrase "related to cases under title 11" is the broadest of the specified categories in 28 U.S.C. § 1334, and this Court need only determine whether the Interpleader Action is *at least* "related to" the Debtor's bankruptcy case to determine whether federal jurisdiction attaches. *Id.* This Court, therefore, must examine whether the facts alleged in the Complaint indicate that the outcome has the potential to affect the Debtor's rights, obligations, or freedom of action, and could affect the administration of Debtor's bankruptcy estate. *See In re Gardner*, 913 F.2d at 1518.

This Court finds that it does have "related to" jurisdiction over the Interpleader Action. The Mid-Continent Policy, wherein Debtor is the primary named insured, was in place at the time of the Incident. Mid-Continent, in its business judgment, has decided not to provide a defense to Debtor with respect to the Incident, but, instead, to tender the limits of its insurance coverage. Whether, and on what terms, Mid-Continent will be allowed to do so will be the

---

[7] The Court will purposely defer ruling on whether the Mid-Continent Proceeds are property of Debtor's estate until such time as all parties can properly address the issue. In their pleadings, Movants seem to confuse basic legal concepts regarding federal bankruptcy jurisdiction, the authority of this Court to hear and enter final orders in particular matters, whether property belongs to the estate, and whether this Court should, under principles of comity and respect for State law, abstain from hearing a particular matter. In fact, Movants' briefs come perilously close to invoking Court action under Federal Rule of Bankruptcy Procedure 9011(b)(1) and (2). By denying the Motion to Dismiss in this manner, i.e., finding that this Court *at a minimum* has "related to" jurisdiction over this matter, the Court anticipates that the Movants will sort out these issues in subsequent pleadings.

8

subject of this adversary proceeding. Through the Interpleader Action, Mid-Continent seeks to interplead parties and pay the Mid-Continent Proceeds into the registry of the Court, with the funds to be administered and distributed to qualified claimants by the Trustee. If, as Movants allege, this were simply a dispute between third parties over funds that did not involve the Debtor or its property, the Court would agree that it holds no jurisdiction over this matter. But all parties agree that the claims stemming from the Incident, which range from personal injury tort to wrongful death to breach of contract and indemnity claims, are expected to far exceed the Mid-Continent Proceeds. Parties seeking stay relief to pursue their claims in other courts have been unwilling to limit their recovery to the Mid-Continent Proceeds.[8] Several Movants have filed claims in Debtor's bankruptcy case, indicating that they intend to seek further recompense from the Debtor's estate beyond the Mid-Continent Proceeds. Their claims and ultimate recovery certainly depend on the distribution of the Mid-Continent Proceeds and the terms on which Mid-Continent is allowed to be released from further obligations regarding the Incident. The Trustee has indicated that he is, as yet, undecided whether he will intervene and participate in the various state and federal actions currently pending against the Debtor. He has indicated that this decision may depend on the outcome of the Interpleader Action.

The Court recognizes that this is a lawsuit between several non-debtor parties that may include causes of action under state law. However, it appears to this Court, based upon the information before it, that the outcome of the Interpleader Action could impact the handling and administration of Debtor's bankruptcy estate, and affect its rights, liabilities, options or freedom

---

[8] *See, e.g.,* Trustee's Objection to Motion for Relief from Automatic Stay, Case No. 16-80762, Docket No. 44, at 2.

of action. Therefore, this Court finds that the Interpleader Action is, *at a minimum*, related to Debtor's bankruptcy case, and that it has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b).[9]

*II. Personal jurisdiction*

Movants also seek to dismiss this proceeding on the ground that this Court lacks personal jurisdiction over several of the named defendants. Bankruptcy Rule 7004(f) provides that

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, **serving a summons** or filing a waiver of service **in accordance with this rule** or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules **is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.**[10]

The United States Bankruptcy Court for the District of Delaware recently summarized personal jurisdiction in bankruptcy proceedings as follows:

> Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure generally limits in personam jurisdiction of the federal courts over non-resident defendants to that which a court of general jurisdiction in the forum state would have. However, this limitation does not apply where extra-territorial service of process is "authorized by a federal statute." Fed.R.Civ.P. 4(k)(1)(C). Bankruptcy Rule 7004(d), which allows nationwide service of process in bankruptcy cases, is just such a statute. *Nordberg v. Granfinanciera, S.A. (In re Chase & Sanborn Corp.)*, 835 F.2d 1341, 1344 (11th Cir. 1988) ("Bankruptcy Rule 7004(d) provides for nationwide service of process and thus is the statutory basis for personal jurisdiction in this case ...."), *rev'd on other grounds*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).
>
> The Fifth Amendment Due Process Clause does circumscribe in personam jurisdiction of the federal courts. *Id.* It imposes "a general fairness test incorporating International Shoe's requirement that certain minimum contacts

---

[9] As noted *supra*, the Court will defer ruling on whether the Mid-Continent Proceeds are property of Debtor's estate, and whether the Interpleader Action is a core proceeding, until such issues are properly briefed by the parties.

[10] Fed. R. Bankr. P. 7004(f) (emphasis added).

10

> exist between the non-resident defendant and the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985) (quotations omitted) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
>
> **However, in bankruptcy cases "the forum" is the United States in general, not the particular forum state.** *Klingher v. SALCI (In re Tandycrafts, Inc.)*, 317 B.R. 287, 289 (Bankr. D. Del. 2004). Accordingly, the Court will apply a "national contacts" standard, and not merely a "Delaware contacts" standard, in determining whether the Court's exercise of personal jurisdiction over Sahakian is proper.

*In re Uni-Marts, LLC*, 399 B.R. 400, 406–07 (Bankr. D. Del. 2009) (emphasis added). In the Complaint, Mid-Continent alleges that each of the Movants are corporations, individuals, or citizens existing under the laws of the States of Oklahoma, Texas, North Carolina, Delaware, or Florida. Movants either admit, *at Docket No. 27*, or do not dispute these facts; nor do they specifically allege that any of them do not meet the national contacts standard set forth in *In re Uni-Marts, LLC*. Lack of personal jurisdiction is a defense that must be raised by a party or it is waived. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986); Fed. R. Civ. P. 12(h), *made applicable to this proceeding by* Fed. R. Bankr. P. 7012(b). Movants may not raise it on behalf of other parties. *Life Sav.*, 802 F.2d at 1202 ("A personal defense may not be raised by another on behalf of a party."). The Court finds that it has personal jurisdiction over each of the Movants, and that no cause to dismiss the Interpleader Action for lack of personal jurisdiction exists.

**Conclusion**

This adversary proceeding is but a small part of a much larger, more complicated case that is currently pending across multiple jurisdictions. The outcome of these proceedings will have serious consequences for the victims of the Incident and their families. Instead of filing

briefs full of personal attacks and specious legal arguments, counsel for the parties could better spend their efforts in assisting the Court to find a resolution in this matter.

The Court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and E.D. Okla. LcvR 84.1(a)(1). It also finds that it has personal jurisdiction over each of the Movants. Accordingly,

IT IS ORDERED that the Motion to Dismiss for Lack of Jurisdiction filed by KCHM, Inc., f/k/a FDH, Inc.; KCHM and Associates, Inc. f/k/a FDH Engineering, Inc.; SBA Towers, LLC; SBA Towers, Inc.; SBA Infrastructure, LLC; and Velocitel, Inc. d/b/a FDH Velocitel, *at Docket No. 18*, and joined by Autumn Kirkpatrick, Personal Representative of the Estate of Kyle Kirkpatrick, J. Ron Wright, Personal Representative of the Estate of Terry Lee Richard, Jr., Jerry Hill, and Randall McElhaney, *at Docket No. 28*, be, and the same hereby is, denied.

###